NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

On Remand from the Supreme Court
Decided May 23, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| Nos. 08-1316, 08-2255 & 08-2402 | Appeals from the United States District Court for the Central District of Illinois. |
| VINCENT E. STAUB, *Plaintiff-Appellee*, | |
| | No. 04-C-1219 |
| *v.* | |
| | John A. Gorman, *Magistrate Judge*. |
| PROCTOR HOSPITAL, an Illinois Corporation, *Defendant-Appellant*. | |

**O R D E R**

A jury returned a verdict in favor of Vincent Staub on his claim that his former employer, Proctor Hospital of Peoria, Illinois, violated his rights under the Uniformed Services Employment and Reemployment Rights Act (USERRA). The parties stipulated to damages in the amount of $57,640. On Proctor's appeal, we reversed. *Staub v. Proctor Hospital*, 560 F.3d 647 (7th Cir. 2009). Subsequently, the Supreme Court reversed and vacated our decision. *Staub v. Proctor Hospital*, 131 S. Ct. 1186 (2011).

In closing its opinion, the Supreme Court said:

It is less clear whether the jury's verdict should be reinstated or whether Proctor is entitled to a new trial. . . . Whether the variance between the instruction and our rule was harmless error or should mandate a new trial is a matter the Seventh Circuit may consider in the first instance.

*Id.* at 1194.  Pursuant to Circuit Rule 54, we invited the parties to present their positions as to which action we should take.  Not surprisingly, Proctor asks for a new trial while Staub requests that we reinstate the jury's verdict.

The relevant portion of the instruction the trial judge read to the jury said:

Animosity of [Mulally or Korenchuk] toward [Staub] on the basis of [Staub]'s military status as a motivating factor may not be attributed to [Proctor] unless [Mulally or Korenchuk] exercised such singular influence over [Buck] that [Mulally or Korenchuk] was basically the real decision maker. This influence may have been exercised by concealing relevant information from or feeding false information or selectively-chosen information to [Buck].

*Staub*, 560 F.3d at 657.

By comparison, the Supreme Court's adopted rule reads as follows:

[I]f [Mulally or Korenchuk] performs an act motivated by antimilitary animus that is *intended* by [Mulally or Korenchuk] to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then [Proctor] is liable under USERRA.

*Staub*, 131 S. Ct. at 1194 (footnotes omitted).

We are persuaded that the variance between the instruction given to the jury and the Court's new iteration of the rule was not harmless error.  Immediately noticeable is the difference in focus.  The Court's rule makes no mention of the actual decisionmaker (Buck).  The jury instruction, however, made the decisionmaker—and how she was influenced—the primary focus.  An element-by-element comparison further reveals the differences between the instruction and the rule.

First, the Court's rule requires that Mulally or Korenchuk "perform[] an act motivated by antimilitary animus."  The jury instruction did not include this requirement.

The jury needed to find animus generally on the part of Mulally or Korenchuk, but it did not need to find that Mulally or Korenchuk performed a specific act due to animus.

Next, the Court's rule requires that Mulally or Korenchuk perform the act "*intend[ing]* . . . to cause an adverse employment action."  Again, the jury instruction did not mention this requirement.  And it is a stretch to say that scienter was implicit in Staub's necessary showing that Mulally or Korenchuk "was basically the real decision maker."  The instruction still allowed the jury to impose liability without finding that Mulally or Korenchuk intended a specific act to cause Staub's termination.

Finally, the Court's rule requires that the act be "a proximate cause of the ultimate employment action."  The jury instruction, however, did not require proof of a specific act by Mulally or Korenchuk, let alone that the act be directly related to Staub's termination.  Rather, the jury needed to find that Mulally or Korenchuk exercised "singular influence" over Buck.  Whether the latter is a more demanding test is debatable, but the fact remains that a different showing is required.

As the Court observed, the jury instruction did not "hew precisely" to the rule it adopted.  Indeed, an element-by-element comparison reveals that the instruction and the rule have few concepts in common.  And a more general comparison demonstrates that, while the jury instruction focused primarily on the decisionmaker (Buck), the Court's rule only examines the supervisor (Mulally or Korenchuk) and his or her specific acts and intentions.

For all of these reasons, Proctor would be prejudiced if the verdict were reinstated.  Thus, Proctor's request for a new trial is GRANTED.  Its request to apply Circuit Rule 36 on remand is DENIED.